OPINION
{¶ 1} Defendant-appellant Gregory Moore appeals from his conviction and six-month sentence for Possession of Crack Cocaine in an amount less than one gram. *Page 2 
Moore contends that evidence against him was obtained as the result of an unlawful search and seizure, that his plea of guilty was other than knowing and voluntary, that the trial court failed to make requisite findings to support the sentence, and that his conviction is against the manifest weight of the evidence. We conclude that there is nothing in the record to support Moore's contention that his plea of guilty was other than knowing and voluntary. Moore's claim that evidence against him was illegally obtained is not preserved for appellate review, Moore having pled guilty. Likewise, Moore's claim that his conviction is against the manifest weight of the evidence is not preserved for appellate review, since his conviction rests not upon any evidence, but upon his guilty plea. Finally, the record reflects that the sentence was agreed upon by both Moore and the State, which deprives this court of jurisdiction to review the sentence. Accordingly, the judgment of the trial court is Affirmed.
 I {¶ 2} Moore was charged by indictment with one count of Possession of Crack Cocaine, in an amount less than one gram, in violation of R.C. 2925.11(A), a felony of the fifth degree. Moore pled guilty as charged. During the plea colloquy, the trial court ascertained that Moore understood the charge, and was pleading guilty voluntarily. The trial court advised Moore of all of the rights he would be giving up by pleading guilty, including, specifically, his right to appeal from any pre-trial rulings. The trial court recited, and Moore confirmed, that it was the trial court's understanding that Moore and the State had agreed to the imposition of the minimum, six-month sentence for the offense.
 {¶ 3} The trial court accepted Moore's plea, and imposed the agreed-upon six-month *Page 3 
sentence. From his conviction and sentence, Moore appeals.
 II {¶ 4} Moore's Second Assignment of Error is as follows:
 {¶ 5} "APPELLANT'S CONVICTION AND SENTENCING WERE IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS AND MADE THE WAIVER OF THOSE RIGHTS VOID BECAUSE APPELLANT COULD NOT READ NOR WRITE AS NOT BEING A KNOWING AND INTELLIGENT WAIVER OF HIS RIGHTS."
 {¶ 6} In response to the trial court's question, Moore specifically informed the court that he could read and write, and that he understood the written plea forms. We have watched the videotape of the plea hearing, and there is nothing in Moore's demeanor or responses to indicate that he had difficulty reading and writing, that he had difficulty understanding what was being said during the course of the proceedings, generally, or that he had difficulty understanding, specifically, the written plea forms.
 {¶ 7} In his brief, Moore says that despite his statement to the trial court that he could read and write, the trial court should have realized that he could not read the plea forms, because the police report reflects that he told Kettering Police Officer Kelch that he could not read and write. We have searched the record, and we have not found that police report in the record on appeal, nor have we found anything in the record from which the trial court would have been able to conclude that Moore was unable to read and write, contrary to Moore's assertion that he could read and write.
 {¶ 8} Crim. R. 11 (C)(2) requires the trial court, in accepting a guilty plea in a felony case, to determine that the defendant is making the plea voluntary, with an understanding *Page 4 
of the nature of the charges, the maximum penalty involved, and with an understanding of the effect of the plea, and of the rights that the defendant will be giving up if the plea is accepted. In performing its duty under this Rule, a trial court is not required to read the defendant's mind; the trial court must conduct an appropriate colloquy, and receive responses from the defendant from which the trial court can reasonably conclude that the defendant has the requisite understanding. Based upon our review of the record, we conclude that the trial court, in the case before us, conducted a proper colloquy, and properly concluded, from Moore's responses during that colloquy, that he was tendering his plea voluntarily, and with an understanding of all the things that the Rule required the trial court to determine that Moore understood.
 {¶ 9} Moore's Second Assignment of Error is overruled.
 III {¶ 10} Moore's First Assignment of Error is as follows:
 {¶ 11} "APPELLANT'S CONVICTION AND SENTENCING WERE IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS WHEN THE KETTERING POLICE OFFICERS ENTERED HIS HOTEL ROOM WITHOUT A SEARCH WARRANT NOR CONSENT TO SEARCH THE HOTEL ROOM PRIOR TO FINDING THE DRUGS."
 {¶ 12} Because Moore never moved to suppress the evidence, it is not surprising that there is nothing in the record to support the factual predicates for this assignment of error. As the State notes, a guilty plea waives all non-jurisdictional defects (other than errors affecting the validity of the guilty plea) in the prior proceedings. State v.Fitzpatrick, 102 Ohio St.3d 321, 333, 2004-Ohio-3167, 810 N.E.2d 927. Thus, even if Moore had filed *Page 5 
a motion to suppress, and had it overruled by the trial court, his guilty plea would have waived any error in the disposition of his motion to suppress.
 {¶ 13} Furthermore, in this case the trial court specifically advised Moore, in taking his plea: "And [you understand] that you give up any rights to appeal any pre-trial rulings."
 {¶ 14} Moore's First Assignment of Error is overruled.
 IV {¶ 15} Moore's Third Assignment of Error is as follows:
 {¶ 16} "APPELLANT'S CONVICTION AND SENTENCING OF SIX (6) MONTHS IN PRISON FOR A FIFTH DEGREE FELONY DRUG POSSESSION WAS IN VIOLATION OF SECTION 2929.19 OF THE OHIO REVISED CODE."
 {¶ 17} Moore contends that the R.C. 2929.13(B) required the trial court to give its reasons for imposing a sentence of imprisonment for a fifth-degree felony, and that the trial court failed to do so. R.C. 2953.08(A)(2) provides that a felony sentence imposed for a fourth-or fifth-degree felony subject to the required findings under R.C. 2929.13(B) may be appealed upon the ground that the trial court has failed to make the requisite findings, as Moore contends in this appeal. But R.C. 2953.08(D)(1) specifically provides that:
 {¶ 18} "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."
 {¶ 19} The six-month sentence imposed in this case was jointly recommended by Moore and by the State as part of the plea bargain. Therefore, it is not reviewable for any alleged non-compliance with the requirements of R.C. 2929.13(B), which is the very ground *Page 6 
upon which Moore wishes us to review the propriety of his sentence. Accordingly, Moore's Third Assignment of Error is overruled.
 V {¶ 20} Moore's Fourth Assignment of Error is as follows:
 {¶ 21} "APPELLANT'S CONVICTION AND SENTENCING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 22} As the State notes, a conviction resulting from a guilty plea is not subject to a manifest-weight-of-the-evidence review, because the conviction depends not upon any evidence that has been submitted to the trial court, but upon the plea of guilty. In his argument in support of this assignment of error, Moore appears to be arguing that the trial court's decisions: (1) not to suppress the evidence as being the result of an illegal search and seizure; and (2) to accept Moore's guilty plea as being knowing and voluntary, are both against the manifest weight of the evidence.
 {¶ 23} The problem with the first of these arguments is: (1) that Moore never submitted the issue of the alleged illegal search and seizure to the trial court for decision; and (2) even if he had, he waived any error in that regard when he pled guilty to the charge. As to the second of these arguments, we have noted, in Part II, above, that there is nothing in the record to support Moore's contention that his plea of guilty was other than knowing and voluntary. If a manifest-weight-of-the-evidence analysis is even applicable to the issue of whether Moore's guilty plea was knowing and voluntary, which we find doubtful, we conclude upon this record that the trial court's finding that Moore's plea was knowing and voluntary is not against the manifest weight of the evidence. *Page 7 
 {¶ 24} Moore's Fourth Assignment of Error is overruled.
 VI {¶ 25} All of Moore's assignments of error having been overruled, the judgment of the trial court is Affirmed.
 GRADY and DONOVAN, JJ., concur. *Page 1