[Cite as *State v. Brown*, 2017-Ohio-184.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 104095

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# GREGORY D. BROWN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-600537-A

**BEFORE:** Boyle, J., McCormack, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** January 19, 2017

**ATTORNEY FOR APPELLANT**

Judith M. Kowalski
333 Babbitt Road, Suite 323
Euclid, Ohio   44123


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Marcus A. Henry
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

{¶1} In October 2015, defendant-appellant, Gregory Brown, was indicted on the following counts: three counts of rape in violation of R.C. 2907.02(A)(1)(b) with one of the counts carrying a furthermore clause that the victim was less than ten years of age at the time of the offense; gross sexual imposition in violation of R.C. 2907.05(A)(4); and kidnapping in violation of R.C. 2905.01(A)(4), which carried both a furthermore clause that the victim was under 18 years of age and a sexual motivation specification. Following a plea agreement reached with the state, Brown pleaded guilty to an amended single count of rape in violation of R.C. 2907.02(A)(2). The trial court imposed an agreed sentence of 11 years in prison. Brown appeals, raising the following four assignments of error:

> I. Appellant's guilty plea was not made knowingly, intelligently and voluntarily, as it was made under duress, and the trial court erred to the prejudice of the appellant in accepting said guilty plea.
>
> II. The appellant was deprived of due process by reason of pre-indictment delay.
>
> III. The appellant was denied effective assistance of counsel.
>
> IV. The trial court abused its discretion to the prejudice of appellant by imposing a maximum sentence, in that the sentence was excessive for purposes set forth in Ohio Revised Code Section 2929.11 and not necessary for the protection of the public.

Finding no merit to the appeal, we affirm.

**A. Guilty Plea**

{¶2} In his first assignment of error, Brown argues that he was "under duress" when he entered the plea. Specifically, he contends that the state's tactic of dismissing the first indictment and reindicting on the more serious charges may have had a "coercive effect on his decision" to plea guilty. Brown's argument has no merit.

{¶3} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

{¶4} "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). The appellate court is required to "review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C)." *Id.*

{¶5} Crim.R. 11(C)(2) requires a court, prior to accepting a guilty plea, to address the defendant personally; the court must specify each of the constitutional rights the defendant is waiving by entering his plea and, further, must determine, in pertinent part, that "he is making the plea voluntarily, with an understanding of the nature of the charge and the maximum penalty involved," that "he understands the effect of his plea of guilty," and that he understands the court "may proceed to judgment and sentence." *See State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621.

**{¶6}** Apart from Brown failing to identify any evidence in the record to support his claim of "duress," the record unequivocally belies his claim on appeal. First, although the charges of the indictment carried a much greater prison term if Brown proceeded to trial and was found guilty, this fact does not support a "duress" claim on appeal. Second, the record reflects that the trial court fully complied with Crim.R. 11 prior to accepting Brown's guilty plea. Notably, Brown does not even dispute this fact on appeal. Finally, Brown also expressly indicated that "no threats" had been made and that the only promises given were those stated in open court as part of the plea agreement. Accordingly, based on the trial court's full compliance with Crim.R. 11 and Brown's own statements during the plea colloquy, we find that Brown's guilty plea was knowingly, intelligently, and voluntarily made.

**{¶7}** The first assignment of error is overruled.

## B. Due Process

**{¶8}** In his second assignment of error, Brown argues that the state failed to timely indict on the underlying charges. Specifically, Brown challenges the state's four-month delay between the first indictment that was ultimately dismissed and the reindictment filed in October 2015.

**{¶9}** Brown's argument easily fails. First, he does not argue, let alone demonstrate, any prejudice by the alleged delay that would support a due process violation. *See State v. Jones*, Slip Opinion No. 2016-Ohio-5105, ¶ 13 (actual prejudice is the first step in establishing unjustifiable preindictment delay). Second, his guilty plea

waives any alleged due process violation arising from preindictment delay. *See State v. Moore*, 2d Dist. Montgomery No. 22365, 2008-Ohio-4322, ¶ 12, citing *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78 ("a guilty plea waives all non-jurisdictional defects (other than errors affecting the validity of the guilty plea) in the prior proceedings").

{¶10} Accordingly, because Brown's argument is unsupported by the record and has been waived by his guilty plea, his second assignment of error is overruled.

## C. Ineffective Assistance of Counsel

{¶11} In his third assignment of error, Brown argues that he was denied effective assistance of counsel. Emphasizing that he received a maximum sentence on the rape count, Brown argues that his trial counsel was ineffective because "counsel said very little in mitigation at the sentencing hearing to try to persuade the court to accept a lesser sentence." This argument has no merit.

{¶12} To establish ineffective assistance of counsel, a defendant must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶13} Ohio courts have recognized that "'[a]n attorney, who advises his client to

plead guilty as charged when the client receives no benefit at all in exchange therefore, could possibly be deemed to have failed in his duty to competently represent his client.'" *State v. Orleans*, 7th Dist. Mahoning No. 07-MA-175, 2008-Ohio-5937, ¶ 22, quoting *State v. Underwood*, 4th Dist. Meigs No. 98CA11, 1999 Ohio App. LEXIS 2234 (May 7, 1999). However, "the benefit a defendant receives as a result of pleading guilty is not necessarily reflected by the penalty ultimately imposed on him." *Underwood* at 7, citing *State v. Spivey*, 81 Ohio St.3d 405, 692 N.E.2d 151 (1998). Instead, courts should consider "the totality of the circumstances surrounding the plea in determining whether the appellant received any benefit in exchange for the plea." *Id.*

{¶14} Brown's argument misconstrues the sentencing proceedings and utterly ignores the procedural posture of his case. Brown's trial counsel effectively negotiated a plea agreement wherein the state agreed to dismiss four of the charges and a furthermore clause on the rape count, which carried a mandatory term of life imprisonment due to the victim's age. Brown clearly received a benefit from the plea agreement. Moreover, as part of the plea agreement, Brown and the state agreed to a sentence of 11 years. Thus, Brown's counsel was not deficient in failing to advance any argument to depart from the agreed-upon sentence, which would have jeopardized the favorable plea agreement reached for Brown.

{¶15} The third assignment of error is overruled.

### D. Agreed Sentence

{¶16} In his final assignment of error, Brown broadly argues that the trial court

erred in imposing the maximum sentence because it is not supported by the record. Again, however, Brown completely ignores that the trial court imposed 11 years as part of an agreed sentence.

{¶17} R.C. 2953.08 sets forth specific grounds for appealing felony sentences. As relevant here, R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." *See State v. Jones*, 8th Dist. Cuyahoga No. 103017, 2016-Ohio-932, ¶ 11; *State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, ¶ 27. "[A] sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus.

{¶18} The Supreme Court of Ohio has held that "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, paragraph three of the syllabus. "The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate." *Id.* at ¶ 25. *See also State v. Sergent*, Slip Opinion No. 2016-Ohio-2696, ¶ 29 (recognizing that an agreed sentence that implicates a trial court's discretionary decisions, such as whether to impose consecutive sentences, is "authorized

by law" and unreviewable).

{¶19} Brown and the state agreed to the 11-year sentence as part of the plea agreement. The sentence imposed is within the statutory range for rape and is authorized under the law. *See* R.C. 2929.14(A)(1). Notably, Brown raises no argument that the trial court failed to comply with any mandatory sentencing provision. The trial court imposed the sentence in accordance with the parties' joint recommendation. Thus, given that all three criteria exist in this case as set forth in R.C. 2953.08(D)(1), Brown's challenge of his sentence is beyond the scope of appellate review.

{¶20} The final assignment of error is overruled.

{¶21} Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

TIM McCORMACK, P.J., and
MELODY J. STEWART, J., CONCUR