[Cite as *State v. Ahmad*, **2017-Ohio-6991**.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 16-CA-92 |
| | : | |
| MALIK AHMAD | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING: Appeal from the Licking County Court of
Common Pleas, Case No. 16 CR 437


JUDGMENT: AFFIRMED


DATE OF JUDGMENT ENTRY: July 26, 2017


APPEARANCES:

For Plaintiff-Appellee:                  For Defendant-Appellant:

BILL HAYES                          KEVIN J. GALL
LICKING COUNTY PROSECUTOR     73 N. 6th St.
                                           Newark, OH 43055

HAWKEN FLANAGAN
20 S. 2nd St., 4th Floor
Newark, OH 43055

*Delaney, P.J.*

{¶1}   Defendant-Appellant Mailk Ahmad appeals his conviction and sentence by the Licking County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   On July 22, 2016, Defendant-Appellant Malik Ahmad was in attendance at an Insane Clown Posse concert at the Legend Valley Music Center in Thornville, Licking County, Ohio. Law enforcement personnel at the concert observed Ahmad make multiple announcements on a bull horn that he had cocaine for sale, which he described as the "best coke around." The officers observed two individuals approach Ahmad on separate occasions. On each occasion, the officers saw Ahmad reach into an off-white, gray-colored Gucci canvas bag, pull out a baggy containing white powder, measure an amount of the white powder onto a digital scale, and place the powder on the scale into a small bag. The officers then observed Ahmad take cash from the individuals and hand them the small bag of powder.

{¶3}   Officers approached Ahmad and informed him he was under arrest. The officers attempted to place handcuffs on Ahmad, but he refused to comply. Ahmad also refused to turn over the gray-colored Gucci bag. While officers were attempting to arrest Ahmad, co-defendant Jessica G. Reyes approached Ahmad and according to law enforcement personnel, Ahmad handed the gray-colored Gucci bag to Reyes and she fled on foot. Ahmad continued to resist arrest and the officers used a Taser to restrain and handcuff Ahmad.

{¶4}   Law enforcement apprehended Reyes a short time later and recovered the gray-colored Gucci bag. A search of the bag revealed $2,229.00 in U.S. currency, small

empty plastic bags, a large bag of what appeared to be cocaine, a bag of what appeared to be heroin, and a bag of what appeared to be marijuana.

{¶5}   The contents of the bags of what appeared to be drugs were tested by BCI and found to be 86.33 grams of cocaine, a Schedule II controlled substance; 4.80 grams of heroin, a Schedule I controlled substance; and 4.373 grams of marijuana, a Schedule I controlled substance.

{¶6}   Ahmad was interviewed after being Mirandized. He admitted he had sold cocaine. He did not know how much was in the bag.

{¶7}   On August 4, 2016, the Licking County Grand Jury issued an eight-count indictment:

Count One: Trafficking in Cocaine, a first-degree felony in violation of R.C. 2925.03(A)(1)(2)(C)(4)(f);

Count Two: Trafficking in Cocaine, a fifth-degree felony in violation of R.C. 2925.03(A)(1)(C)(4)(a);

Count Three: Trafficking in Cocaine, a fifth-degree felony in violation of R.C. 2925.03(A)(1)(C)(4)(a);

Count Four: Possession of Heroin, a fourth-degree felony in violation of R.C. 2925.11(A)(C)(6)(b);

Count Five: Tampering with Evidence, a third-degree felony in violation of R.C. 2921.12(A)(1)(B);

Count Six: Resisting Arrest; a second-degree misdemeanor in violation of R.C. 2921.33(A)(D);

Count Seven: Possession of Marijuana, a minor misdemeanor in violation of R.C. 2925.11(A)(C)(3)(a); and

Count Eight: Possession of Drug Paraphernalia, a fourth-degree misdemeanor in violation of R.C. 2925.14(C)(1)(F)(1).

Counts One, Two, Four, and Seven carried a forfeiture specification of the U.S. currency in the amount of $2,229.00.

{¶8} On September 22, 2016, Ahmad filed a motion to suppress. In his motion, Ahmad alleged at the time of his arrest he was intoxicated and under the influence of drugs. He contended he was not capable of and did not make a knowing, voluntary, and intelligent waiver of his rights when he was Mirandized. His statements and all other evidence obtained as a result of his statements should be suppressed. The trial court set the matter for a hearing on October 24, 2016.

{¶9} The parties came before the trial court on October 24, 2016. The transcript of the hearing begins with the trial court listing the charges against Ahmad and stating, "Your attorney has represented to the Court that it was your intention to withdraw your guilty pleas to some of those counts here today. Is that still your plan here today, Mr. Ahmad?" (Tr. 3). Ahmad responded in the affirmative. (Tr. 3). The trial court next conducted a plea colloquy. During the State's presentation of the facts, the State clarified for the trial court that it was going to prepare a motion to dismiss Counts Two, Three, Five, Seven, and Eight. (Tr. 10). The judgment entry dismissing the five charges was filed on October 25, 2016. Ahmad's counsel spoke after the presentation of the State's facts and objected to the State's characterization that Ahmad handed the Gucci bag to Reyes.

(Tr. 14). Ahmad argued he handed the bag to a deputy and Reyes took the bag from the deputy. (Tr. 14). Otherwise, Ahmad acknowledged the facts as correct as stated. (Tr. 15).

{¶10} Ahmad entered a plea of guilty to Count One – Possession of Cocaine, Count Four – Possession of Heroin, and Count Six – Resisting Arrest. (Tr. 15, 18). The State deferred to the trial court as to sentencing. The trial court sentenced Ahmad to eight years in prison on Count One, one year in prison on Count Four, and thirty days in jail on Count Six. Counts One and Four were to be served consecutively and Count Six was to be served concurrently, for a total prison term of nine years.

{¶11} The sentencing entry was filed on October 24, 2016. It is from this judgment Ahmad now appeals.

**ASSIGNMENTS OF ERROR**

{¶12} Ahmad raises three Assignments of Error:

{¶13} "I. THE DEFENDANT'S NEGOTIATED PLEA IS INVALID BECAUSE THE FULL TERMS OF THE AGREEMENT WERE NOT STATED ON THE RECORD IN OPEN COURT, IN VIOLATION OF RULE 11(F) OF THE OHIO RULES OF CRIMINAL PROCEDURE.

{¶14} "II. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN COUNSEL FAILED TO RAISE AN OBJECTION TO THE STATE'S FAILURE TO FULLY SET FORTH THE DETAILS OF THE NEGOTIATED PLEA.

{¶15} "III. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN COUNSEL ADVISED HIM TO PLEAD

GUILTY PURSUANT TO A NEGOTIATED AGREEMENT THAT CONFERRED NO BENEFIT TO THE DEFENDANT-APPELLANT."

## ANALYSIS

### I. Crim.R. 11(F)

{¶16} Ahmad argues in his first Assignment of Error that his negotiated plea is invalid because the full terms of the underlying agreement upon which Ahmad's plea was based was not stated on the record in open court. Ahmad contends his guilty plea was not knowing or voluntary because there is no indication in the record of Ahmad's desire to waive his motion for suppression as part of his negotiated plea.

{¶17} In order to comply with due process requirements, a defendant's guilty plea must be knowingly, voluntarily, and intelligently entered. *State v. Sarkozy,* 117 Ohio St.3d 86, 2008–Ohio–509, 881 N.E.2d 1224, ¶ 7, citing *State v. Engle,* 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). In accordance with Crim.R. 11(C), when a plea of guilty is made in a felony case the court must address the defendant and: 1) determine that the plea is voluntary and the defendant understands that nature of the charges and the maximum penalty applicable; 2) determine that the defendant understands the effect of the plea and that if the court accepts the plea, the court will proceed with judgment and sentencing; 3) determine that the defendant understands that he is waiving his right to a jury trial, right to confront witnesses, right to have compulsory process for obtaining witnesses in defendant's favor, and that the defendant is relieving the State of their burden to prove his guilt beyond a reasonable doubt at a trial where the defendant cannot be forced to testify against himself. Crim.R. 11(C)(2). When there is a negotiated plea in a felony case, the underlying agreement of the plea must be stated in open court on the record. Crim.R.

11(F). When a plea of guilty is entered, the plea is an admission of guilt and the court will proceed with sentencing after accepting the plea. Crim.R. 11(B)(1), (3).

{¶18} Ahmad bases his argument on Crim.R. 11(F). It states, "When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court." The parties came before the trial court on October 24, 2016 to argue Ahmad's motion to suppress. At the start of the record, however, the trial court states, "Your attorney has represented to the Court that it was your intention to withdraw your guilty pleas to some of those counts here today. Is that still your plan here today, Mr. Ahmad?" (Tr. 3). Ahmad agreed and the trial court began the plea colloquy. Ahmad affirmed he would be entering a guilty plea. During the State's presentation of the facts, the State specified on the record the charges it was dismissing the remaining charges against Ahmad. (Tr. 10-11). There is no mention in the record of the change of plea and sentencing hearing as to the disposition of the motion to suppress.

{¶19} Ahmad argues because there is no mention in the record as to the disposition of his motion to suppress, the underlying plea agreement was not stated on the record in open court in violation of Crim.R. 11(F). The State responds that Ahmad's argument is based on the assumption that Ahmad's waiver of the motion to suppress was part of the plea negotiations. This assumption is not part of the record in this case. We have held that a claim requiring proof that exists outside of the trial record cannot appropriately be considered on a direct appeal. *State v. Hendricks*, 5th Dist. Muskingum No. CT2016-0010, 2017-Ohio-259, ¶ 29.

{¶20} On the record before us, we find the procedures of Crim.R. 11(F) were followed and the terms of the agreement upon which the plea was based were stated in open court and on the record.

{¶21} Ahmad's first Assignment of Error is overruled.

**II. Ineffective Assistance of Counsel – Motion to Suppress**

{¶22} Ahmad maintains he was denied effective assistance of counsel when his trial counsel failed to object to the State's failure to fully set forth the details of the negotiated plea. His argument is based on the assumption that the disposition of Ahmad's motion to suppress was part of the plea negotiations and the motion to suppress was not mentioned in the record as part of the plea agreement.

{¶23} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶24} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶25} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶26} Ahmad contends his trial counsel's failure to object to the State's summation of the negotiated plea failed to preserve a possible appellate issue. He states he would not have entered a guilty plea if he knew his attorney would not object to the State's summation of the plea agreement. "In the context of a guilty plea, the defendant must demonstrate that there is a reasonable probability that, but for his counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *State v. Allen*, 9th Dist. Summit Nos. 27494, 28213, 2017-Ohio-2831, ¶ 39  quoting *State v. Evans*, 9th Dist. Medina No. 09CA0049–M, 2010–Ohio–3545, ¶ 4

{¶27} The Eleventh District Court of Appeals has held as to suppression issues, a guilty plea precludes claims of ineffective assistance of counsel because the defendant cannot establish prejudice, the second *Strickland* prong:

> [T]he failure to suppress evidence has no prejudicial impact upon a conviction based on a guilty plea "because the conviction does not result from the unsuppressed evidence, but from the defendant's admission, by his plea, of the facts alleged in the [indictment]. Thus, a failure to suppress evidence resulting from a deficiency in trial counsel's legal representation will not satisfy the prejudice prong of * * * *Strickland v. Washington, [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ].*" *See State v. Fitzgerald*,

2nd Dist. Greene No. 2001–CA–124, 2002–Ohio–3914, ¶ 44. This court

followed the Second District's holding in *Fitzgerald* in *State v. Bregitzer*,

11th Dist. Portage No. 2012–P–0033, 2012–Ohio–5586, ¶ 17.

*State v. Strong*, 11th Dist. Ashtabula No. 2013–A–0003, 2013–Ohio–5189, ¶ 31; *State v.*

*Bump*, 11th Dist. Ashtabula No. 2010–A–0028, 2011–Ohio–6687, ¶ 42 ("[a] plea of guilty

operates as a waiver of any alleged error regarding appellant's motion to suppress").

{¶28} We cannot extrapolate from Ahmad's argument on appeal that he was

prejudiced by his trial counsel's failure to object to the State's summation of the plea

agreement specifically as to the status of the motion to suppress. Ahmad argues the

failure to object at the change of plea hearing failed to preserve the issue for appeal;

however, Ahmad raised the issue on appeal. Ahmad entered a guilty plea pursuant to

Crim.R. 11(B)(1), which is a complete admission of the defendant's guilt. His conviction

for possession of cocaine, possession of heroin, and resisting arrest was not based on

unsuppressed evidence but on his admission of guilt.

{¶29} Further, the disposition of the motion to suppress as being part of the plea

negotiations is outside of the record in this case. As stated in the first Assignment of Error,

an argument as to matters outside of the record are to be heard in a petition for post-

conviction relief, not on direct appeal.

{¶30} Ahmad's second Assignment of Error is overruled.

### III. Ineffective Assistance of Counsel – A Bad Deal

{¶31} Ahmad contends in his third Assignment of Error that he was denied

effective assistance of counsel when his counsel advised him to plead guilty to a plea

agreement that conferred no benefit to him. We disagree.

{¶32} Pursuant to the plea agreement, the State dismissed Count Two – Trafficking in Cocaine (F5), Count Three – Trafficking in Cocaine (F5), Count Five – Tampering with Evidence (F3), Count Seven – Possession of Marijuana (MM), and Count Eight – Possession of Drug Paraphernalia (M4). Ahmad pleaded guilty to Count One – Trafficking in Cocaine (F1), Count Four – Possession of Heroin (F4), and Count Six – Resisting Arrest (M2). The State deferred to the trial court as to sentencing. The trial court sentenced Ahmad to eight years in prison on Count One, one year in prison on Count Four, and thirty days in jail on Count Six. The prison terms for Count One and Count Four were to be served consecutively and the jail term for Count Six was to be served concurrently for a total prison term of nine years.

{¶33} Ahmad contends if he did not enter the plea agreement and was convicted at trial of the charges in the indictment, his sentence would not be dissimilar to that of the negotiated plea agreement. Counts Two and Three of the indictment would have merged with Count One for sentencing purposes because they were allied offenses of similar import. As to Counts Seven and Eight, because they were misdemeanors, Ahmad states the jail term would run concurrently to any prison term imposed.

{¶34} To establish ineffective assistance of counsel, Ahmad must show (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that but for counsel's errors, the proceeding's results would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).

{¶35} Ohio courts have recognized that " '[a]n attorney, who advises his client to plead guilty as charged when the client receives no benefit at all in exchange therefore,

could possibly be deemed to have failed in his duty to competently represent his client.' " *State v. Brown*, 8th Dist. Cuyahoga No. 104095, 2017-Ohio-184, ¶ 13 quoting *State v. Orleans*, 7th Dist. Mahoning No. 07-MA0175, 2008-Ohio-5937, ¶ 22 quoting *State v. Underwood*, 4th Dist. Meigs No. 98CA11, 1999 WL 301637 (May 7, 1999). However, "the benefit a defendant receives as a result of pleading guilty is not necessarily reflected by the penalty ultimately imposed on him," *Id.* quoting *Underwood* at 7, citing *State v. Spivey*, 81 Ohio St.3d 405, 692 N.E.2d 151 (1998). The appellate court should instead consider "the totality of the circumstances surrounding the plea in determining whether the appellant received any benefit in exchange for the plea." *Id.*

{¶36} The State argues in response that Ahmad did receive a benefit from agreeing to enter into a plea agreement when the State dismissed Count Five – Tampering with Evidence. Ahmad was charged with Tampering with Evidence, a third-degree felony in violation of R.C. 2921.12(A)(1)(B). It carries a possible penalty of 36 months in prison and a $10,000.00 fine. The charge was based on the officers' observations that while they were attempting to arrest Ahmad, co-defendant Reyes approached Ahmad, Ahmad handed the gray-colored Gucci bag to Reyes, and she fled on foot. At the change of plea hearing, Ahmad's counsel argued Ahmad handed the bag to a deputy and Reyes took the bag from the deputy. If the matter went to trial, Ahmad risked a conviction on Count Five which could result in three additional years in prison.

{¶37} Looking at the totality of the circumstances, Ahmad received a benefit from the plea agreement. There may be different reasons a defendant would choose to enter a guilty plea rather than go to trial, besides a reduction in sentence. *State v. Scott*, 8th Dist. Cuyahoga No. 100668, 2014-Ohio-3500, ¶ 16. The defendant may want to take

responsibility for his crime or the defendant may want the case to be over. *Id.* It appears in this case there substantial evidence that Ahmad was trafficking in cocaine and other illegal substances when law enforcement personnel witnessed Ahmad announce on a bullhorn that he had the "best coke around" and make several transactions selling said "best coke around." If Ahmad did not enter into the plea agreement, he could have risked an additional three years in prison. Ahmad's counsel was not deficient in failing to advance any argument against the plea agreement.

{¶38} Ahmad's third Assignment of Error is overruled.

## CONCLUSION

{¶39} The judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Hoffman, J. and

Baldwin, J., concur.