[Cite as *State v. Shay*, 2017-Ohio-7819.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Patricia A. Delaney, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 17-COA-014 |
| JEFFREY M. SHAY | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Ashland County
Court of Common Pleas, Case No. 16-CRI-
198

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      September 21, 2017

APPEARANCES:

For Plaintiff-Appellee                                 For Defendant-Appellant

CHRIS TUNNELL                                     MATTHEW J. MALONE
PROSECUTING ATTORNEY                  10 East Main Street
110 Cottage Street                              Ashland, OH 44805
Ashland, OH 44805

*Gwin, P.J.*

{¶1} Defendant-appellant Jeffrey M. Shay ["Shay"] appeals his conviction and sentence after a guilty plea in the Ashland County Court of Common Pleas.

*Facts and procedural History*

{¶2} Shay was indicted on October 13, 2016, on one count of Nonsupport or Contributing to Nonsupport of Dependents in violation of R.C. 2919.21(B), a felony of the fifth degree. On February 22, 2017, Shay entered a guilty plea to that charge. The state did not offer any consideration in exchange for the guilty plea.

{¶3} On April 3, 2017, the trial court sentenced Shay to serve nine months in prison. The trial court further ordered Shay's sentence to be served consecutively to the prison term he was currently serving.

*Assignments of Error*

{¶4} Counsel for Shay has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493(1967) asserting two potential assignments of error:

{¶5} "I. WHETHER THE TRIAL COURT COMPLIED WITH CRIMINAL RULE 11 BEFORE ACCEPTING APPELLANT'S GUILTY PLEA.

{¶6} "II. WHETHER THE TRIAL COURT'S SENTENCE IMPOSED ON APPELLANT WAS CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND WHETHER THE TRIAL COURT MADE THE FINDINGS NECESSARY TO IMPOSE CONSECUTIVE SENTENCES."

*Law and Analysis*

{¶7}    In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw.  386 U.S. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal.  Id. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses.  Id.  Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist.  If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires.  Id.

{¶8}    By Judgment Entry filed July 5, 2017,  this Court noted that counsel had filed an *Anders* brief and had indicated to the Court that he had served Shay with the brief.  Accordingly, this Court notified Shay via Certified U.S. Mail that he "may file a pro se brief in support of the appeal on or before July 31, 2017."

{¶9}    We find Shay's counsel in this matter has adequately followed the procedures required by *Anders.*  Shay has not filed a pro se brief.

I.

{¶10}  The entry of a plea of guilty is a grave decision by an accused to dispense with a trial and allow the state to obtain a conviction without following the otherwise difficult process of proving his guilt beyond a reasonable doubt.  See *Machibroda v. United States*,

368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473(1962). A plea of guilty constitutes a complete admission of guilt. Crim. R. 11 (B) (1). "By entering a plea of guilty, the accused is not simply stating that he did the discreet acts described in the indictment; he is admitting guilt of a substantive crime." *United v. Broce,* 488 U.S. 563, 570, 109 S.Ct. 757, 762(1989).

**{¶11}** Crim. R. 11 requires guilty pleas to be made knowingly, intelligently and voluntarily. Although literal compliance with Crim. R. 11 is preferred, the trial court need only to "substantially comply" with the rule when dealing with the non-constitutional elements of Crim.R. 11(C). *State v. Ballard,* 66 Ohio St.2d 473, 475, 423 N.E.2d 115(1981), citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163(1977). In *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12, the Ohio Supreme Court noted the following test for determining substantial compliance with Crim.R. 11:

> Though failure to adequately inform a defendant of his constitutional rights would invalidate a guilty plea under a presumption that it was entered involuntarily and unknowingly, failure to comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice.[*State v. Nero* (1990), 56 Ohio St.3d 106,] 108, 564 N.E.2d 474. The test for prejudice is 'whether the plea would have otherwise been made.' Id. Under the substantial-compliance standard, we review the totality of circumstances surrounding [the defendant's] plea and determine whether he subjectively understood [the effect of his plea]. See, *State v. Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509 at ¶ 19-20.

{¶12} In determining whether the trial court has satisfied its duties under Crim.R. 11 in taking a plea, reviewing courts have distinguished between constitutional and non-constitutional rights. *State v. Clark*, 119 Ohio St.3d 239, 893 N.E.2d 462, 2008-Ohio-3748 at ¶ 32; *State v. Aleshire*, 5th Dist. Licking No. 2007-CA-1, 2008-Ohio-5688, ¶10. The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *State v. Clark*, 119 Ohio St.3d at 244, 893 N.E.2d at 499, 2008-Ohio-3748, ¶ 31.

{¶13} At his change of plea hearing, the trial court first confirmed with Shay that he wished to plead guilty to the single count in his indictment and that he was doing so without any consideration from the state. The trial court then verified that Shay was entering his guilty plea voluntarily and without threats or coercion. Shay advised the trial court that he had reviewed the charge with his lawyer and was satisfied with his lawyer's representation. Next, the trial court informed Shay of the effect of his guilty plea. The trial court then advised Shay of the maximum sentence of 12 months in prison and a $2500 fine. Finally, the trial court verified with Shay that he wished to waive his rights to a jury trial, to be presumed innocent, for the state to prove its case beyond a reasonable doubt, to confront the state's witnesses, to subpoena his own witnesses, and his right to remain silent. The trial court further advised Shay concerning post release control.

{¶14} As such, the trial court complied with its obligations under Crim. R. 11.

II.

{¶15} In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C)

(4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23. This statute requires the trial court to undertake a three-part analysis. *State v. Alexander,* 1st Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.

{¶16} R.C. 2929.14(C)(4) provides,

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶17}** Thus, in order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

**{¶18}** Recently, in *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, syllabus, the Supreme Court of Ohio stated that:

> In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

**{¶19}** Furthermore, the sentencing court is not required to recite "a word-for-word recitation of the language of the statute." *Bonnell*, ¶29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the

record contains evidence to support the findings, consecutive sentences should be upheld." Id. A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Bonnell,* ¶34. The findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry. Id. at the syllabus. However, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a *nunc pro tunc* entry to reflect what actually occurred in open court. *Bonnell,* ¶30.

**{¶20}** In this case, the record does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences.

**{¶21} R.C. 2929.14(C)(4): [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.**

**{¶22}** The trial court made this finding. Sent. T. at 7-8. The findings are reflected in the court's sentencing entry. *Judgment Entry on Sentence,* filed April 3, 2017.

**{¶23} R.C. 2929.14(C)(4)(a): The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

{¶24} The offense in the case at bar, was committed while Shay was under a Community Control sanction. Sent. T. at 8.

{¶25} **R.C. 2929.14(C)(4)(b): At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

{¶26} This provision does not apply to Shay's case.

{¶27} **R.C. 2929.14(C)(4)(c): The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

{¶28} The trial court made this finding. Sent. T. at 6-8.

{¶29} We find that the record in the case at bar clearly and convincingly supports the trial court's findings under R.C. 2929.14(C)(4).

Conclusion.

{¶30} After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Ashland County Court of Common Pleas.

By Gwin, J.,

Delaney, P.J., and

Baldwin, J., concur