[Cite as *State v. Ahmad*, 2018-Ohio-3556.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 18-CA-38 |
| MALIK AHMAD | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Licking County Court of Common Pleas, Case No. 16CR437

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    September 5, 2018

APPEARANCES:

For Plaintiff-Appellee    For Defendant-Appellant

WILLIAM C. HAYES
Licking County Prosecutor

By: PAULA M. SAWYERS
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, OH 43055

MALIK AHMAD, PRO SE
Inmate #A729903
Pickaway Correctional Institute
PO Box 209
Orient, OH 43146

*Hoffman, P.J.*

**{¶1}** Appellant Malik Ahmad appeals the judgment entered by the Licking County Common Pleas Court overruling his "motion to vacate void/illegal conviction and sentence for lack of jurisdiction." Appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** On July 22, 2016, Appellant attended an Insane Clown Posse concert at the Legend Valley Music Center in Thornville, Licking County, Ohio. Appellant announced on a bull horn he had cocaine for sale, which he described as the "best coke around." Police officers observed two individuals approach Appellant on separate occasions. On each occasion, the officers saw Appellant reach into a Gucci canvas bag, pull out a baggy containing white powder, measure an amount of the white powder onto a digital scale, and place the powder on the scale into a small bag. The officers then observed Appellant take cash from the individuals and hand them the small bag of powder. Police officers told Appellant he was under arrest and attempted to place handcuffs on him, but he refused to comply. Eventually, officers used a Taser to restrain and handcuff Appellant.

**{¶3}** Law enforcement recovered the Gucci bag from Appellant's co-defendant. A search of the bag revealed $2,229.00 in U.S. currency, small empty plastic bags, a large bag of what appeared to be cocaine, a bag of what appeared to be heroin, and a bag of what appeared to be marijuana. The contents of the bags were tested by BCI and found to be 86.33 grams of cocaine, a Schedule II controlled substance; 4.80 grams of heroin, a Schedule I controlled substance; and 4.373 grams of marijuana, a Schedule I controlled substance. Appellant admitted to police he had sold cocaine.

{¶4} On August 4, 2016, the Licking County Grand Jury issued an eight-count indictment:

{¶5} Count One: Trafficking in Cocaine, a first-degree felony in violation of R.C. 2925.03(A)(1)(2)(C)(4)(f);

{¶6} Count Two: Trafficking in Cocaine, a fifth-degree felony in violation of R.C. 2925.03(A)(1)(C)(4)(a);

{¶7} Count Three: Trafficking in Cocaine, a fifth-degree felony in violation of R.C. 2925.03(A)(1)(C)(4)(a);

{¶8} Count Four: Possession of Heroin, a fourth-degree felony in violation of R.C. 2925.11(A)(C)(6)(b);

{¶9} Count Five: Tampering with Evidence, a third-degree felony in violation of R.C. 2921.12(A)(1)(B);

{¶10} Count Six: Resisting Arrest; a second-degree misdemeanor in violation of R.C. 2921.33(A)(D);

{¶11} Count Seven: Possession of Marijuana, a minor misdemeanor in violation of R.C. 2925.11(A)(C)(3)(a); and

{¶12} Count Eight: Possession of Drug Paraphernalia, a fourth-degree misdemeanor in violation of R.C. 2925.14(C)(1)(F)(1).

{¶13} Counts One, Two, Four, and Seven carried a forfeiture specification of the U.S. currency in the amount of $2,229.00.

{¶14} Appellant entered a plea of guilty to Count One—Possession of Cocaine, Count Four—Possession of Heroin, and Count Six—Resisting Arrest. The State dismissed the remaining charges. The trial court sentenced Appellant to eight years in

prison on Count One, one year in prison on Count Four, and thirty days in jail on Count Six. Counts One and Four were to be served consecutively and Count Six was to be served concurrently, for a total prison term of nine years. The judgment of conviction and sentence was affirmed on appeal to this Court. *State v. Ahmad*, 5th Dist. Licking No. 16-CA-92, 2017-Ohio-6991. Appellant filed a motion to withdraw his guilty plea, which was overruled by the trial court and affirmed by this Court. *State v. Ahmad*, 5th Dist. Licking No. 17-CA-71, 2018-Ohio-181.

{¶15} On March 2, 2018, Appellant filed a "motion to vacate void/illegal conviction and sentence for lack of jurisdiction," arguing the case against him was not properly instituted because no affidavit was filed prior to the filing of the arrest warrant on the criminal complaint, and as a result the court did not obtain subject matter jurisdiction. The trial court overruled the motion, finding a statement of facts was provided with the sworn criminal complaint by the arresting officer, and Appellant was subsequently indicted by the grand jury. It is from the April 18, 2018 judgment of the trial court Appellant prosecutes his appeal, assigning as error:

I. IT IS A JURISDICTIONAL DEFECT TO FAIL TO FILE A TRANSCRIPT OF THE CRIMINAL DOCKET ON A DEFENDANT THAT IS COMMITTED TO JAIL TO ANSWER CRIMINAL CHARGES.

II. THE COMMON PLEAS COURT HAS LEFT ISSUES UNRESOLVED.

III. THE FAILURE TO PRESENT A PROPERLY SWORN AFFIDAVIT TO THE MAGISTRATE IS A DEFECT THAT DEPRIVES A COURT OF SUBJECT MATTER JURISDICTION.

I., II., III.

{¶16} We address all three of Appellant's assignments of error together, as they all argue the trial court lacked subject matter jurisdiction over the criminal complaint filed against him because a complaint with a statement of facts was not filed in his case, and even if there was a statement of facts, there was not a sworn affidavit and transcript of the facts presented to a magistrate which is required for the court to obtain jurisdiction over the complaint.

{¶17} Crim. R. 12(C) states any objection based on defects in the institution of the prosecution must be raised by pretrial motion. Such motion must be made within 35 days after arraignment or seven days before trial, whatever is earlier. Crim. R. 12(D). Failure to timely raise an objection in accordance with the rule constitutes waiver. Crim. R. 12(H). Appellant failed to timely raise his claim of defect in the institution of prosecution in the trial court in accordance with Crim. R. 12, and as such, has waived any error.

{¶18} Further, Crim. R. 7 allows the jurisdiction of the court in a criminal case to be invoked by indictment. Appellant was indicted by the Licking County Grand Jury on August 4, 2016, properly instituting the criminal action in the trial court and invoking the jurisdiction of the court.

{¶19} The assignments of error are overruled.

{¶20} The judgment of the Licking County Common Pleas Court is affirmed.


By: Hoffman, P.J.

Wise, John, J.  and

Baldwin, J. concur