[Cite as *State v. Bates*, 2018-Ohio-3632.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 18CA11 |
| | : | |
| BRYAN W. BATES | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Guernsey County Court
of Common Pleas, Case No. 07-CR-117


JUDGMENT:      AFFIRMED


DATE OF JUDGMENT ENTRY:      September 6, 2018


APPEARANCES:

For Plaintiff-Appellee:

JOEL BLUE
GUERNSEY COUNTY PROSECUTOR

JASON R. FARLEY
627 Wheeling Ave.
Cambridge, OH 43725

For Defendant-Appellant:

BRYAN BATES, PRO SE
#577218
P.O. Box 5500
Chillicothe, OH 45601

*Delaney, J.*

{¶1}   Defendant-Appellant Bryan W. Bates appeals the April 16, 2018 judgment entry of the Guernsey County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶1}   On June 29, 2007, Appellant was indicted on twelve counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(1) and thirty counts of illegal use of a minor in nudity oriented material or performance in violation of R .C. 2907.323(A)(3). The charges arose after an international investigation involving the United States and Canada into child pornography on the Internet.

{¶2}   A jury found Appellant guilty as charged and, by judgment entry of sentence filed April 18, 2008, the trial court sentenced Appellant to an aggregate term of thirteen years in prison and classified him as a Tier II sex offender pursuant to R.C. 2950, also known as the Adam Walsh Act ("AWA").

{¶3}   Appellant filed a direct appeal of his convictions. In his direct appeal, Appellant challenged the denial of his motion to suppress testimony of Appellee's expert in computer forensics and raised the issues of ineffective assistance of counsel, manifest weight, and sufficiency of the evidence. This Court affirmed Appellant's convictions in *State v. Bates,* 5th Dist. No. 08CA15, 2009–Ohio–275 (*Bates I*).

{¶4}   Appellant next appealed the trial court's decisions regarding a motion to correct sentence, motion to correct amended judgment entry, a second motion to correct sentence, a motion for reconsideration of an allied offense issue, and motion for hearing to correct the sentence. We addressed his arguments collectively in *State v. Bates,* 5th

Dist. Nos. 11–CA–000016, 11–CA000026, and 11–CA–000033, 2012–Ohio–1080 (*Bates II*). In *Bates II,* this Court affirmed all of the trial court's judgments and noted that some of the errors Appellant raised were res judicata because Appellant could have raised the arguments in his direct appeal. However, we addressed Appellant's assignments of error regarding his sentence, finding that the judgment entries complied with Criminal Rule 32(C) and *State v. Baker,* 119 Ohio St.3d 197, 893 N.E.2d 163 (2008).

{¶5}   While *Bates II* was pending, Appellant filed a motion for reconsideration and to correct sentence, another motion to correct sentence, and a petition to vacate or set aside the judgment or conviction or sentence. In *State v. Bates,* 5th Dist. Nos.2012–CA–06, 2012–CA–10, 2012–Ohio–4360 (*Bates III*), we affirmed the trial court's rulings and found Appellant's petition for post-conviction relief was not filed within the statutory time limitation and contained no showing the exception to the time limitation applied.

{¶6}   In April of 2012, Appellant filed a motion to vacate and correct his sentence based upon the Ohio Supreme Court's decision in *State v. Williams,* 129 Ohio St.3d 344, 952 N.E.2d 1108 (2011), which held that defendants whose crimes were committed prior to the AWA's enactment should have been classified according to the statutory scheme in place at the time they committed their crimes, even if they were sentenced after the enactment of the AWA. The State of Ohio agreed with Appellant that the AWA, as codified in R.C. 2950, was improperly applied to Appellant when he was sentenced and that Appellant should be classified pursuant to the version of R .C. 2950 in effect at the time Appellant committed the offenses, also known as Megan's Law. Appellant filed a second motion to vacate and correct his sentence on May 1, 2012.

{¶7} The trial court initially set Appellant's motions for hearing on October 1, 2012. On August 23, 2012, the trial court granted Appellant's motion for standby counsel. On August 27, 2012, Appellant filed a motion for court appointed forensic expert for the sex offender classification hearing, stating this expert would provide a meaningful review and comprehensive analysis of the alleged computer evidence in question. Appellant also filed a motion for court appointed psychologist to assist in determining the recidivism factors in his case. Further, Appellant filed subpoenas for multiple individuals who testified during his original trial to appear for the sex offender classification hearing. Based on the pendency of the *Bates III* appeal, the trial court continued the hearing scheduled for October 1, 2012.

{¶8} A number of motions filed by Appellant and Appellee culminated in a sexual-offender classification hearing on March 1, 2013, resulting in two judgment entries: 1) a judgment entry finding Appellant to be a sexually-oriented offender, notifying him of his duty to register and detailing registration requirements upon release from prison, stating the length of Appellant's registration requirement and including penalties for failure to register; and 2) a judgment entry stating the trial court found Appellant not to be a sexual predator for the purposes of sex offender registration. Appellant appealed those judgment entries in *State v. Bates*, 5th Dist. Guernsey No. 13-CA-9, 2013-Ohio-4768, appeal not allowed, 138 Ohio St.3d 1436, 2014 -Ohio- 889, 4 N.E.3d 1052 [*Bates IV*]. We affirmed the judgments of the trial court, finding: use of the word "resentencing" in the initial entry setting hearing did not vacate Appellant's entire sentence; the trial court properly granted Appellant's request by reclassifying him according to the statutorily-mandated sentencing scheme (i.e. Megan's Law) in place at the time his crimes were committed; the trial court

did not err in failing to permit Appellant to call witnesses at the classification hearing; the judgment entry of March 1, 2013 properly contained the notice requirements set forth in former R.C. 2950.03(B)(1); and Appellant's remaining assignments of error were barred by res judicata.  See, *Bates IV*, supra.

{¶9}  On May 12, 2016, Appellant filed a motion to correct judgment entry of sentence which the trial court granted in part and denied in part by judgment entry dated June 29, 2016.

{¶10} Appellant appealed the judgment entry to this Court where we affirmed the trial court's rulings in *State v. Bates*, 5th Dist. Guernsey No. 16CA13, 2017-Ohio-585 (*Bates V*). We found Appellant's arguments were barred by res judicata but also under the law of the case doctrine. *Id.* at ¶ 20.

{¶11} On March 19, 2018, Appellant filed a motion to set aside conviction, motion for resentencing, and motion for judicial release. The trial court denied the motions on April 16, 2018.

{¶12} It is from the April 16, 2018 judgment entry Appellant now appeals.

## ASSIGNMENTS OF ERROR

{¶13} Appellant raises four Assignments of Error:

{¶14} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW, AND THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO SET ASIDE JUDGMENT BASED ON THE DOCTRINE OF RES JUDICATA.

{¶15} "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO VACATE VOID

SENTENCE PURSUANT TO CRIMINAL RULE 52(B) BASED ON THE DOCTRINE OF RES JUDICATA.

{¶16} "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO VACATE SENTENCE PURSUANT TO CRIMINAL RULE 52(B) BASED ON THE DOCTRINE OF RES JUDICATA.

{¶17} "IV. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR RE-SENTENCING BASED ON THE DOCTRINE OF RES JUDICATA."

**ANALYSIS**

**I.**

{¶18} Appellant argues in his first Assignment of Error that the trial court abused its discretion by denying his motion to set aside conviction on the basis of res judicata. Appellee characterized Appellant's motion as an untimely petition for post-conviction relief.

{¶19} At Appellant's criminal trial, Agent Bryant of the I.C.E. testified as an expert in the field of computer forensics regarding the information retrieved from the Dell tower retrieved from Appellant's residence. (T. at 112). Agent Bryant testified regarding the process of retrieving information from the Dell tower (T. at 113–115) and testified that, after finding images containing child pornography in the field test at Appellant's residence (T. at 116), he discovered forty-two (42) images of child pornography during the extended test performed on Appellant's computer in the I.C.E. computer lab. (T. at 128). Agent Bryant testified that said images were retrieved from various locations on Appellant's Dell

tower. (T. at 128). The images were found in the temporary internet files, the My Pictures folder, the Yahoo! messenger photo-sharing cache, and the lost files sections of the computer. (T. at 128).

{¶20} Appellant contends in his motion to set aside conviction that Appellee solicited "scientific evidence testimony" from Agent Bryant that the pictures found on Appellant's computer involved minors in a state of nudity and/or minors engaging in sexual activity. Appellant argues that he discovered new information which demonstrated Agent Bryant was not qualified to testify as an expert. Specifically, he argues Agent Bryant did not present any scientific data to support that his expert opinion was based on reasonable degree of scientific certainty.

{¶21} In his direct appeal, Appellant argued the trial court erred by permitting the expert testimony of Agent Bryant under Evid.R. 702. We overruled Appellant's error in *Bates I* and stated:

Qualification of an expert is controlled by Evid.R. 702, which states the following:

A witness may testify as an expert if all of the following apply:

(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;

(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;

(C) The witness' testimony is based on reliable scientific, technical, or other specialized information.* * *

Further, under Evid.R. 701, a witness may testify as to his perceptions that are "helpful to a clear understanding of [his] testimony or the determination of a fact in issue."

In the instant case, Agent Bryant was offered and accepted as an expert in the field of computer forensics. (T. at 112). Additionally, he was permitted to give his opinion that the pictures found on Appellant's computer involved minors in a state of nudity and/or minors engaging in sexual activity. (T. at 137–163, 178–192, 206–242).

The State must prove beyond a reasonable doubt that a real child is depicted, to support a conviction for possession of child pornography under either R.C. § 2907.322 or § 2907.323. In most cases, meeting this burden will require presentation of the images themselves. Expert witnesses may not be needed if the State's assertion that an actual child is involved goes unchallenged. *State v. Tooley* (2007), 114 Ohio St.3d 366, 381, 872 N.E.2d 894.

In the case before this Court, Appellant did not challenge the State's position that the images found on Appellant's computer were of actual minor children and were not virtual images. We therefore find that expert testimony was not required in this case as the images were presented to the jury. Juries are capable of distinguishing between real and virtual images; and admissibility remains within the province of the sound

discretion of the trial judge"); *United States v. Deaton (C.A.8,* 2003), 328

F.3d 454, 455; *United States v. Hall* (C.A.11, 2002), 312 F.3d 1250, 1260.

We therefore find that in the instant case Agent Bryant's experience in this

field was extensive. However, even if such admission of his testimony was

error, based on his lack of admission as an expert in this area, such error is

harmless as the jury was able to make such determination for themselves.

*Bates I,* ¶¶ 58-67.

{¶22} The qualification of Agent Bryant as an expert witness was addressed in Appellant's direct appeal. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 1995–Ohio–331, syllabus; see also, *State v. Perry* (1967), 10 Ohio St.2d 175.  Res judicata also implicitly prohibits a petitioner from "re-packaging" evidence or issues that either were, or could have been, raised in the context of the petitioner's trial or direct appeal. *State v. Snyder*, 5th Dist. Tuscarawas No. 2015AP070043, 2016-Ohio-832, ¶ 27 citing *State v. Lawson,* 103 Ohio App.3d 307, 315, 659 N.E.2d 362(12th Dist.1995). This means that the evidence relied upon must not be evidence that was in existence or available for use at the time of trial or direct appeal, and finally, cannot be merely cumulative of the evidence already presented. *Id.* at 315.

{¶23} We find no error for the trial court to hold Appellant's argument was barred by the doctrine of res judicata as it was previously raised in his direct appeal. Appellant's first Assignment of Error is overruled.

**II. – IV.**

{¶24} Appellant argues in his second Assignment of Error that the trial court erred when it denied his motion to vacate a void sentence based on an allied offenses issue. His third Assignment of Error states the sentencing court erred when it allowed B.B. complete a victim impact statement, which required the trial court to vacate his sentence. Finally, in his fourth Assignment of Error, Appellant contends the sentencing court erred when it failed to orally state the imposition of costs at sentencing, which required the trial court to grant Appellant's motion for resentencing. On April 16, 2018, the trial court denied Appellant's motions based on the doctrine of res judicata.

{¶25} A review of Appellant's motions and our decisions in *Bates I* through *V* supports the trial court's determination that Appellant's claims are barred by res judicata.

{¶26} Appellant's remaining Assignments of Error are overruled.

**CONCLUSION**

{¶27} The judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Delaney, J.,

Wise, John, P.J. and

Baldwin, J., concur.