[Cite as *State v. Ahmad*, 2021-Ohio-1418.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 20CA0047 |
| | : | |
| MALIK AHMAD | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Licking County Court of
                             Common Pleas, Case No. 16CR437

JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      April 22, 2021

APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

WILLIAM C. HAYES                       MALIK AHMAD, PRO SE
LICKING CO. PROSECUTOR                 #729-903
PAULA M. SAWYERS                       P.O. Box 209
20 S. Second St., Fourth Floor         Orient, OH 43146
Newark, OH 43055

*Delaney, J.*

{¶1} Appellant Malik Ahmad appeals from the July 8, 2020 Judgment Entry of the Licking County Court of Common Pleas overruling his "Motion for Correction of Record." Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal and may be found in our opinion at *State v. Ahmad*, 5th Dist. Licking No. 16-CA-92, 2017-Ohio-6991, ¶ 2 [*Ahmad I*].

{¶3} On August 4, 2016, appellant was charged by indictment as follows:

Count One: Trafficking in Cocaine, a first-degree felony in violation of R.C. 2925.03(A)(1)(2)(C)(4)(f);

Count Two: Trafficking in Cocaine, a fifth-degree felony in violation of R.C. 2925.03(A)(1)(C)(4)(a);

Count Three: Trafficking in Cocaine, a fifth-degree felony in violation of R.C. 2925.03(A)(1)(C)(4)(a);

Count Four: Possession of Heroin, a fourth-degree felony in violation of R.C. 2925.11(A)(C)(6)(b);

Count Five: Tampering with Evidence, a third-degree felony in violation of R.C. 2921.12(A)(1)(B);

Count Six: Resisting Arrest; a second-degree misdemeanor in violation of R.C. 2921.33(A)(D);

Count Seven: Possession of Marijuana, a minor misdemeanor in violation of R.C. 2925.11(A)(C)(3)(a); and

Count Eight: Possession of Drug Paraphernalia, a fourth-

degree misdemeanor in violation of R.C. 2925.14(C)(1)(F)(1).

{¶4} Counts One, Two, Four, and Seven carried a forfeiture specification of the U.S. currency in the amount of $2,229.00.

{¶5} Appellant filed a motion to suppress and the matter was scheduled for an evidentiary hearing on October 24, 2016.

{¶6} On that date, the parties appeared before the trial court and the court asked appellant whether he intended to change his pleas of not guilty to ones of guilty. (T. 3). Appellant responded in the affirmative. (T. 3). The trial court conducted a plea colloquy and appellee indicated Counts Two, Three, Five, Seven, and Eight would be dismissed. (T. 10).

{¶7} Appellant entered pleas of guilty to Count One—Possession of Cocaine, Count Four—Possession of Heroin, and Count Six—Resisting Arrest. (T. 15, 18). Appellee deferred to the trial court as to sentencing. The trial court sentenced appellant to a prison term of 8 years upon Count One, 1 year upon Count Four, and 30 days in jail upon Count Six. The prison terms upon Counts One and Four were to be served consecutively and the jail term upon Count Six was to be served concurrently, for a total aggregate prison term of nine years.

{¶8} Appellant directly appealed from his convictions and sentences, arguing his negotiated plea was invalid due to a violation of Crim.R. 11(F), he received ineffective assistance of counsel regarding the terms of the negotiated plea, and he received no benefit from the negotiated plea. We disagreed and affirmed appellant's convictions and sentence. See, *State v. Ahmad*, 5th Dist. Licking No. 16-CA-92, 2017-Ohio-6991 [*Ahmad*

*]*. We found, e.g., the procedures of Crim.R. 11(F) were followed and the terms of the agreement upon which the plea was based were properly stated in open court and on the record. *Id.*, ¶ 20.

{¶9}   During the pendency of the direct appeal, on April 16, 2017, appellant filed a motion to withdraw his guilty plea. The trial court overruled the motion by Judgment Entry filed May 16, 2017. Appellant attempted to appeal the trial court's May 16, 2017 Judgment Entry, and we dismissed the appeal for failure to follow Local Rules of Court. *State v. Ahmad,* 5th Dist. Licking No. 17–40.

{¶10} Appellant then filed a pro se Motion for a Delayed Appeal on September 1, 2017, and we granted the motion. Appellant argued, e.g., his due process rights were violated by the process by which the drugs were weighed; he received ineffective assistance of trial counsel; the prosecutor committed prosecutorial misconduct; and his guilty pleas were neither knowing nor voluntary. See, *State v. Ahmad*, 5th Dist. Licking No. 17-CA-71, 2018-Ohio-181 [*Ahmad II*]. We disagreed with appellant's contentions, finding, e.g., his claims regarding the voluntariness of his plea were res judicata. *Ahmad II*, 5th Dist. Licking No. 17-CA-71, 2018-Ohio-181, ¶ 20.

{¶11} On March 2, 2018, appellant filed a "motion to vacate void/illegal conviction and sentence for lack of jurisdiction," arguing the case against him was not properly instituted because no affidavit was filed prior to the filing of the arrest warrant on the criminal complaint, and as a result the court did not obtain subject matter jurisdiction. The trial court overruled the motion and appellant appealed, this time arguing the trial court did not have subject-matter jurisdiction over him. See, *State v. Ahmad*, 5th Dist. Licking No. 18-CA-38, 2018-Ohio-3556 [*Ahmad III*].  We disagreed with appellant's arguments,

finding appellant failed to timely raise his claim of defect in the institution of prosecution in the trial court in accordance with Crim. R. 12, and as such, has waived any error, and the 2016 indictment properly instituted the criminal action in the trial court and invoked the jurisdiction of the court. *Ahmad III*, 5th Dist. Licking No. 18-CA-38, 2018-Ohio-3556, ¶ 17-18.

{¶12} On July 1, 2020, appellant filed a Motion for Correction of the Record, arguing the trial court incorrectly sentenced him to a prison term of 8 years instead of what should have been 3 years. The trial court overruled the motion via Judgment Entry dated July 8, 2020.

{¶13} Appellant now appeals from the trial court's judgment of July 8, 2020.

{¶14} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶15} "THE TRIAL COURT ERRED BY APPEARING TO ACCEPT APPELLANT'S NEGOTIATED PLEA AGREEMENT AND THEN DEVIATED FROM THE RECOMMENDED SENTENCE OR TERMS WITHIN THE PLEA AT SENTENCING WITHOUT PUTTING APPELLANT ON NOTICE DURING THE PLEA HEARING THAT IT MIGHT DEVIATE FROM THE RECOMMENDED SENTENCE OR TERMS CONTAINED IN THE PLEA AGREEMENT AT THE TIME OF SENTENCING."

**ANALYSIS**

{¶16} Appellant now argues in his fourth appeal that the negotiated plea agreement stated he would plead guilty to a "3-year mandatory" and the trial court erred in sentencing him to an "8-year mandatory sentence." We disagree.

{¶17} We note this case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

{¶18} One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *Crawford v. Eastland Shopping Mall Association*, 11 Ohio App.3d 158 (10th Dist.1983).

{¶19} This appeal shall be considered in accordance with the aforementioned rules.

{¶20} First, appellant's latest round of arguments is barred by res judicata. Res judicata is defined as "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 1995–Ohio–331, syllabus; see also, *State v. Perry*, 10 Ohio St.2d 175 (1967). Res judicata also implicitly prohibits a petitioner from "re-packaging" evidence or issues that either were, or could have been, raised in the context of the petitioner's trial or direct appeal. *State v. Snyder*, 5th Dist. Tuscarawas No. 2015AP070043, 2016-Ohio-832, ¶ 27,

citing *State v. Lawson,* 103 Ohio App.3d 307, 315, 659 N.E.2d 362 (12th Dist. 1995). This means that the evidence relied upon must not be evidence that was in existence or available for use at the time of trial or direct appeal, and finally, cannot be merely cumulative of the evidence already presented. *Id.* at 315; *State v. Bates*, 5th Dist. Guernsey No. 18CA11, 2018-Ohio-3632, ¶ 22.

{¶21} Appellant challenged the terms of his sentence in *Ahmad I*, supra, and has not raised any new argument which could not have been raised in the first direct appeal. The argument is now barred by the doctrine of res judicata. *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 41, citing *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, 896 N.E.2d 699, ¶ 7 and *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996).

{¶22} Furthermore, the merits of appellant's argument are not supported by the record of the instant case. As appellee points out, there was no joint recommendation as to sentencing; appellee deferred to the trial court. *Ahmad I*, supra, at ¶ 10; T. 23. Even if a different negotiated plea agreement existed, sentencing is within the sound discretion of the trial court and the trial court is not bound by a recommendation proffered by appellee. *State v. Hartrum*, 5th Dist. Licking No. 14-CA-106, 2015-Ohio-3333, ¶ 14, internal citations omitted. Appellant's sentences are within the statutory authorized ranges for felonies of the first and fourth degree, and a misdemeanor of the second degree. We fail to find error in the trial court's imposition of sentence.

{¶23} Appellant further implies the trial court agreed to merge some of the offenses with his citation to *State v. Gray-Cole,* 8th Dist. Cuyahoga No. 105573, 2018-Ohio-1293, ¶ 9, in which a trial court agreed to merge certain offenses upon sentencing

then failed to do so, without warning the defendant there would be deviation from the merger agreement. No such agreement exists in the instant case and appellant's cited authority is inapplicable.

{¶24} We therefore find the trial court did not err in overruling appellant's motion to correct the record, and his sole assignment of error is overruled.

## CONCLUSION

{¶25} Appellant's sole assignment of error is overruled and the judgment of the Licking County Court of Common Pleas is affirmed.

By: Delaney, J.,

Baldwin, P.J. and Wise,

John, J., concur.