[Cite as *State v. Hawks*, 2025-Ohio-23.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Andrew J. King, J. |
| -vs- | Case No. 24 CAC 02 0014 |
| ALEX HAWKS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDINGS: Appeal from the Delaware Municipal
Court, Case No. 23CRB01264


JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: January 3, 2025


APPEARANCES:


For Plaintiff-Appellee                    For Defendant-Appellant

TYLER A. SANDERS                      CHRISTOPHER BAZELEY
Assistant Prosecutor                     9200 Montgomery Road, Suite 8A
70 North Union Street                    Cincinnati, Ohio 45252
Delaware, Ohio 43015

*Hoffman, P.J.*

**{¶1}** Defendant-appellant Alex Hawks appeals the judgment entered by the Delaware Municipal Court convicting him of two counts of telecommunications harassment (R.C. 2917.21(A)(5)) and sentencing him to 180 days incarceration on each count, with all days suspended, and placing him on community control for one year. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant and his former wife, the victim in this case, entered into a shared parenting agreement of their two minor children. The children were five and two years old at the time of trial. Pursuant to the agreement, the parties were to communicate via an app called OurFamilyWizard (hereinafter "the app"). The victim told Appellant numerous times to stop texting her cell phone and to use the app instead. Because he continued to contact her via her cell phone, she eventually blocked him, unblocking him only to allow him to Face Time with the children. Appellant began calling her from unknown cell numbers.

**{¶3}** In October of 2023, the victim contacted police when Appellant continued to contact her outside the app. Officer Jonathan Weirich of the Delaware Police Department called Appellant to tell him to stop contacting the victim outside of the app. The officer explained the custody agreement and the victim's desire he not contact her outside the app were separate from each other. Appellant acknowledged the officer's concerns and said he would use the app in the future.

**{¶4}** Appellant left two messages on the victim's cell phone in November of 2023. On November 2, he left a voicemail message questioning whether the victim was ill after he was unable to Face Time with the children the previous night. On November 6, he left

a voicemail message stating he had not been on the app for a few days, and asked the victim to call him. After Officer Weirich advised Appellant telecommunications harassment charges were forthcoming, Appellant texted the victim a picture of himself and the children with his girlfriend, asking the victim to share the picture with the children. Appellant was charged with two counts of telecommunications harassment. The first count related to the two voicemail messages, while the second count related to the text message.

**{¶5}** The case proceeded to jury trial in the Delaware Municipal Court. At trial, Appellant testified he found the shared parenting order confusing, because in addition to requiring use of the app to communicate with the victim, it also required the parties to maintain a working cell phone, and allowed use of the phone for emergencies and for Face Timing the children. He testified he contacted his attorney after speaking with the police, and was advised he was permitted to contact the victim outside of the app regardless of the victim's preference for the app.

**{¶6}** The jury found Appellant guilty on both charges and the trial court convicted him in accordance with the verdict. Appellant was sentenced to 180 days in jail on each count, with all days suspended, and placed on community control for one year. It is from the January 31, 2024 judgment of the trial court Appellant prosecutes his appeal, assigning as error:


I. THE FIRST COUNT IN THE COMPLAINT IS DUPLICITOUS.

II. HAWKS' CONVICTIONS ARE NOT SUPPORTED BY LEGALLY INSUFFICIENT [SIC] EVIDENCE AND ARE AGAINST THE WEIGHT OF THE EVIDENCE.

III. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT OVERRULED HAWKS' REQUEST TO INCLUDE A JURY INSTRUCTION TO ADVISE THE JURY OF THE MISTAKE OF FACT DEFENSE.

IV. THE TRIAL COURT ERRED WHEN IT ALLOWED THE STATE TO PRESENT EVIDENCE OF HAWKS' OTHER, UNRELATED, ACTS.

I.

**{¶7}** In his first assignment of error, Appellant argues the first count of the complaint is duplicitous because it alleges conduct which constitutes two separate offenses. Appellant failed to challenge the complaint in the trial court. Crim. R. 12(C) provides in pertinent part:

(C) Pretrial Motions. Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:

(2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the court at any time during the pendency of the proceeding)[.]

**{¶8}** Failure to timely raise an objection in accordance with the rule constitutes waiver. Crim. R. 12(H). Appellant failed to timely raise his claim of defect in the institution of prosecution in the trial court in accordance with Crim. R. 12, and as such, has waived any error. *State v. Ahmad*, 2018-Ohio-3556, ¶ 17 (5th Dist.); *Cleveland v. Daniels*, 2018-Ohio-4773, ¶ 30 (8th Dist.); *Cleveland v. Bates,* 2023-Ohio-3627, ¶17 (8th Dist.).[1]

**{¶9}** The first assignment of error is overruled.

II.

**{¶10}** In his second assignment of error, Appellant argues his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence because he acted in good faith to exercise his rights provided for in the shared parenting agreement.

**{¶11}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St. 3d 259, paragraph two of the syllabus (1991).

**{¶12}** In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a thirteenth juror and "in reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and determines whether in resolving conflicts in evidence the jury 'clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and

---

[1] For the first time in his reply brief, Appellant argues the alleged duplicity in the complaint constituted plain error.  Appellant failed to argue plain error in his initial brief, and a party may not advance an argument for the first time in a reply brief.  *See, e.g., City of Dublin v. Friedman*, 2017-Ohio-9127, ¶ 63 (10th Dist.).

a new trial ordered.'" *State v. Thompkins*, 1997-Ohio-52, *quoting State v. Martin*, 20 Ohio App. 3d 172, 175 (1st Dist. 1983).

{¶13} Appellant was convicted of two counts of telecommunications harassment in violation of R.C. 2917.21(A)(5):

(A) No person shall knowingly make or cause to be made a telecommunication, or knowingly permit a telecommunication to be made from a telecommunications device under the person's control, to another, if the caller does any of the following:

(5) Knowingly makes the telecommunication to the recipient of the telecommunication, to another person at the premises to which the telecommunication is made, or to those premises, and the recipient or another person at those premises previously has told the caller not to make a telecommunication to those premises or to any persons at those premises[.]

{¶14} The mental state of "knowingly" is defined by R.C. 2901.22(B):

A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense,

such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact.

**{¶15}** Appellant argues he did not act "knowingly" because he was attempting to comply with a confusing court order, and based on a conversation with his attorney, he believed he was within his rights in contacting the victim about the children by telephone instead of using the app. He also argues the victim at times used her cell phone to contact him, while denying him the same rights. He argues his "mistake of fact" defense negated the element of "knowingly" set forth in definition of the crime of telecommunications harassment, and argues the victim did not have the right to tell him not to contact her through methods allowed by the custody order.

**{¶16}** The State presented evidence the victim asked Appellant on multiple occasions not to contact her outside of the app. While the custody order does include language concerning use of cell phones for certain purposes, including emergencies, the order also provides the parties shall not email, phone, or text each other directly. The State presented evidence Officer Weirich informed Appellant the victim wanted him to stop contacting her via her cell phone and to use the app instead, and informed Appellant the custody agreement and the victim's wishes for no contact were separate issues. After this conversation with Officer Weirich, Appellant left two voicemail messages on the victim's phone, both of which the victim testified were not emergency messages. Appellant also texted the victim a picture of himself and his new girlfriend with the children, asking her to pass the picture along to the children. We find the State presented sufficient

evidence to establish both convictions of telecommunications harassment as defined by R.C. 2917.21(A)(5).

**{¶17}** Appellant argues his testimony established the defense of "mistake of fact" which negated the mental state of knowingly. "Mistake of fact is a defense if it negates a mental state required to establish an element of a crime." *State v. Brand*, 2023-Ohio-557, ¶85 (12th Dist.), *citing In re A.C.D.,* 2015-Ohio-232, ¶ 15 (12th Dist.) . "Mistake of fact is widely recognized as a defense to specific intent crimes when the defendant has an honest purpose and the honest purpose provides an excuse for an act that would otherwise be deemed criminal." *Id.* "As such, mistake of fact can, in an appropriate circumstance, negate a knowing mental state." *Id.*

**{¶18}** At trial, Appellant testified after discussing the matter with his attorney he believed he was within his rights under the custody agreement when he contacted the victim through her cell phone. However, Appellant also admitted he was told by the victim several times to stop contacting her on her cell phone and to use the app instead, and further admitted Officer Weirich explained to him the custody order and the victim's desire he use the app instead of her cell phone were separate issues. However, Appellant continued to contact the victim through her cell phone, leaving voicemail messages and sending her a picture via text message of himself, his new girlfriend, and the children together. We find the jury did not lose its way in concluding Appellant acted knowingly in sending the messages to the victim's cell phone after being asked to use the app, and his intent was not negated by an "honest purpose." We find the judgment is not against the manifest weight of the evidence.

**{¶19}** The second assignment of error is overruled.

III.

**{¶20}** In his third assignment of error, Appellant argues the trial court erred in failing to give the jury his requested instruction on mistake of fact.

**{¶21}** Appellant asked the trial court to specifically instruct the jury the mental state of knowingly could be negated by mistake of fact. Appellant cited to a comment to the Ohio Jury Instructions, which cited several cases for the proposition mistake, accident, lack of information, or another innocent reason could negate the existence of knowledge. Tr. 221-222.

**{¶22}** The comment under OJI 417.11, which provides the definition of the mental state of "knowingly," states, "Evidence of mistake, accident, lack of information, or other innocent reason can negate the existence of knowledge, but do not constitute affirmative defenses." After taking the matter under advisement, the trial court stated while the things listed in the comment can be a defense to knowledge, the court couldn't find a specific instruction which would apply in those circumstances, and the trial court overruled Appellant's request.

**{¶23}** Although the transcript reveals Appellant made a general verbal request for some type of instruction on this issue, he did not verbally provide specific language he was requesting be included in the instruction, and the record does not demonstrate he submitted proposed written instructions as required by Crim.R. 30(A). The failure to submit proposed written jury instructions constitutes a waiver of any error. *State v. Nichols,* 85 Ohio App.3d 65, 73–74 (4th Dist. 1993).

**{¶24}** Assuming arguendo Appellant made a proper request for a specific instruction mistake of fact would negate his mental state, we find the request unsupported

by the facts in the instant case. Requested jury instructions should be given if they are

correct statements of law, if they are applicable to the case, and if reasonable minds might

reach the conclusion sought by the instruction. *State v. Peters*, 2023-Ohio-4362, ¶41 (3d

Dist.), *quoting State v. Adams*, 2015-Ohio-3954, ¶240.

**{¶25}** The trial court provided the standard OJI instruction to the jury of

"knowingly:"

> Knowingly. A person acts knowingly regardless of his purpose when
>
> a person is aware that the person's conduct will probably cause a certain
>
> result or be of a certain nature.
>
> A person has knowledge of circumstances when the person is aware
>
> that such circumstances probably exist.
>
> Because you cannot look into the mind of another, knowledge must
>
> be determined from all of the facts and circumstances in evidence.
>
> You will determine from the facts and circumstances whether there
>
> existed at the time in the mind of the Defendant an awareness that his acts
>
> would probably result in a telecommunication being sent to [the victim].

**{¶26}** Tr. 282-283.

**{¶27}** R.C. 2917.21(A)(5) attaches the mental state of "knowingly" to the sending

of the message despite the request of the victim to not be contacted in this manner.

Appellant conceded he sent the messages knowingly. His "mistake of fact" defense did

not go to the mental state of knowingly, but rather related to his belief the victim did not

have the right to prevent him from contacting her on her cell phone. From Appellant's own testimony, the evidence was undisputed he knowingly sent the messages to her cell phone after she requested he contact her only through the app. His defense was not one of mistake of fact negating the mental state of knowingly, but rather he believed he had the legal right to call her cell phone despite her request he only contact her through the app. Because the requested instruction was not supported by the evidence in this case, we find the trial court did not err in failing to give the requested instruction.

**{¶28}** The third assignment of error is overruled.

IV.

**{¶29}** In his fourth assignment of error, Appellant argues the trial court erred in admitting evidence of prior acts, specifically the testimony of the victim he contacted her outside of the app frequently between May and November, 2023, prior to the dates alleged in the indictment.

**{¶30}** Evid.R. 404(B) provides:

*Prohibited Uses.* Evidence of any other crime, wrong or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

*Permitted Uses; Notice.* This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

**{¶31}** Evid.R. 404(B).

**{¶32}** "Evid.R. 404(B) categorically prohibits evidence of a defendant's other acts when its only value is to show that the defendant has the character or propensity to commit a crime." *State v. Smith*, 2020-Ohio-4441, ¶ 36. Other acts evidence may, however, be admissible for another non-character-based purpose, such as "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Evid.R. 404(B)(2). "The key is that the evidence must prove something other than the defendant's disposition to commit certain acts." *State v. Hartman*, 2020-Ohio-4440, ¶ 22.

**{¶33}** In *State v. Williams*, 2012-Ohio-5695, the Ohio Supreme Court set forth a three-part analysis for consideration of admissibility of other-acts evidence:

> The first step is to consider whether the other acts evidence is relevant to making any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Evid.R. 401. The next step is to consider whether evidence of the other crimes, wrongs, or acts is presented to prove the character of the accused in order to show activity in conformity therewith or whether the other acts evidence is presented for a legitimate purpose, such as those stated in Evid.R. 404(B). The third step is to consider whether the probative value of the other acts evidence is substantially outweighed by the danger of unfair prejudice. See Evid.R. 403.

**{¶34}** *Id.* at ¶ 20.

**{¶35}** The admissibility of other acts evidence pursuant to Evid.R. 404(B) is a question of law. *State v. Hartman, supra* at ¶ 22. A trial court is precluded from admitting improper character evidence under Evid.R. 404(B), but it has discretion to allow other acts evidence which is admissible for a permissible purpose. *Id., citing Williams, supra* at ¶ 17.

**{¶36}** Appellant failed to object to the victim's testimony concerning his past attempts to contact her on her cell phone, and we therefore must find plain error to reverse. Under the plain error standard of review, the defendant bears the burden of "showing that but for a plain or obvious error, the outcome of the proceeding would have been otherwise, and reversal must be necessary to correct a manifest miscarriage of justice." *State v. West*, 2022-Ohio-1556, ¶22. An appellate court has discretion to notice plain error and is not required to correct it. *Id.*

**{¶37}** R.C. 2917.21(A)(5) requires the State to prove Appellant knowingly contacted the victim after previously having been told to stop. Evidence Appellant had previously contacted the victim using her cell phone rather than using the app, coupled with evidence she told him to stop calling her cell phone prior to the date of the messages alleged in the complaint, was directly relevant to prove an element of the offense. We find the evidence was not admitted solely to show he had a propensity to contact her outside of the app.

**{¶38}** Further, whether he contacted her outside of the app was not at issue in the case; therefore, Appellant cannot demonstrate in the absence of this evidence, the result of the proceeding would have been otherwise. Appellant admitted to contacting the victim on her cell phone after she told him to not contact her on her cell phone. Appellant did

not deny contacting her on her cell phone, but only claimed he believed he was within his rights to do so despite her telling him to stop.

{¶39} We find no error, plain or otherwise, in the admission of the victim's testimony concerning Appellant's prior attempts to contact her on her cell phone.

{¶40} The fourth assignment of error is overruled.

{¶41} The judgment of the Delaware Municipal Court is affirmed.


By: Hoffman, P.J.

Baldwin, J.  and

King, J. concur